UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Return Date: 2/9/05
Time: 9:30 a.m.

In re:

B.A.R ENTERTAINMENT MANAGEMENT, INC.,          Chapter 7

    Debtor.          Case No. 04-20352(ASH)

-----------------------------------------------------------X

## DEBTOR'S REPLY TO TRUSTEE'S OPPOSTION TO MOTION TO DISMISS

**JOHN JOHNSON**, being duly sworn deposes and says the following upon information and belief, and under penalty of perjury:

1. I am the litigation attorney for the Debtor, and based upon conversations with my client, I am fully familiar with the facts and circumstances of the instant action.

2. The Trustee has filed opposition to the Debtor's motion to dismiss. Ray Copeland, and/or the Debtor adamantly denies any wrongdoing, as well as, any violation of 18 United States Code Section 152, 153, or, 154, 155, 156 and/or 157 et seq.

3. 18 U.S.C. Section 152 states in pertinent part " A person who knowingly and fraudulently conceals from custodian trustee, marshal or other officer of the court charged with the control or custody of property, or in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of the debtor."

4. This Code Section clearly expresses the intent of Congress, in that the law has a mens rea requirement. Said requirement being "knowingly and fraudulently", with intent to defeat the bankruptcy laws. Knowledge and intent are elements of the crime of illegally transferring and/ [or] concealing assets, _U.S. v. Martin_ 408 F.2d 949 certiorari denied 90 S. Ct. 65, 396 U.S. 824, 24 L. Ed2d 74(Wis. 1969), see also, _U.S. v. Spencer_, 129 F. 3d 246 (2nd Cir 1997). In the instant action, Mr. Copeland and/or the Debtor have acted only on advice of Arthur Bonner, Esq., the debtors counsel. Mr. Copeland and/or the debtor did not and has not acted in any manner to "knowingly and fraudulently" to defeat the bankruptcy laws. The facts of this action speak for themselves.

5. Mr. Copeland has been totally in the dark with respect to the procedural aspects of this case. Mr. Copeland hired Arthur Bonner, Esq. Mr. Copeland consulted with Mr. Bonner prior to filing the instant Chapter 7. It was upon advice of counsel that Mr. Copeland filed the instant proceeding. Mr. Bonner was charged with the responsibility of making sure that the bankruptcy petition was complete in all respects. When Mr. Copeland signed that petition, he did so under the belief that the schedules were complete and that his counsel had made sure that all the information requested was provided. Mr. Copeland also relied upon Mr. Bonner to handle the on going procedural aspects of this proceeding. Mr. Bonner apparently failed in his responsibilities.

6.  Much of what the Trustee has proffered as criminal acts committed by Mr.
    Copeland are not the acts of Mr. Copeland. They are the acts of Mr. Bonner.
    Mr. Copeland has stated that he was fully and totally honest with Arthur
    Bonner, Esq., and the trustee with respect to the all assets of the bankruptcy
    estate.

7.  It was Mr. Bonner who drafted the schedules, and the same were signed by
    Mr. Copeland under advice of counsel. If something was not included on the
    schedules, Mr. Copeland did not knowingly, intentionally, or fraudulently
    omit those assets in an attempt to defraud the Bankruptcy Court, or his
    creditors. Mr. Copeland did rely on the advice of his counsel in properly
    completing all of those documents. An attorney is a licensed agent to act in
    bankruptcy matters, but his license does not render him immune to
    punishment for violation of [such bankruptcy laws] *Coghlan v. U.S.*, 147 F. 2d
    233, certiorari denied 65 S. Ct. 1569, 325 U.S. 888, 89 L.Ed 2001, rehearing
    denied 66 S. Ct. 14 326 U.S. 805, 90 L. Ed 490(1945). If any criminal acts
    have been committed, Mr. Copeland and/or the debtor have not committed
    them.

8.  The Trustee makes a point regarding a bank account which was purportedly
    not listed. The Trustee states that the omission of the account was fraudulent.
    The Trustee's assertion is without merit. Apparently based upon the motion
    in opposition, said bank account was not under the control of Mr. Copeland or
    the debtor. The account according to the Trustee's statement had been seized
    by the sheriff, and was under the Sheriff's dominion and control. It has been

long held that the bankrupt [has] not committed an offense under former Section 52 of Title 11 where the item omitted from the schedule of assets was of very doubtful value, or where the bankrupt's title to it was doubtful in law, *In re Shoemaker* 21 F. Cas.1329, 4 Biss. 245 No. 12799 (D.C. Ind. 1868). Mr. Copeland apparently did not have title or dominion over the account, therefore, how could he have concealed it.

9. If the account was somehow under the control of Mr. Copeland and/or the Debtor, it was a mistake that it was not included in the schedules. Again Mr. Bonner was required to ascertain such information and make sure the schedules were correct when filed. The debtor and/or Mr. Copeland provided all relevant information to Mr. Bonner, and trusted that he would fulfill his job requirements properly. Apparently, this trust was misplaced.

10. A misplaced trust on the part of the debtor and its principal does not a crime make. There has been no showing by the Trustee of intent actual or constructive, to defraud the creditors. There has been no showing that the debtor or its principal knowingly or fraudulently committed any acts throughout this proceeding to frustrate the bankruptcy laws. There has been no such showing because; the facts do not amount to a crime. When the debtors counsel bailed out, the debtor acted instinctively to save his business and his reputation. He paid his creditors; see generally, *In re Ronka* 34 F. Supp 837 (D.C. Mass 1940), where the bankrupt was found to have acted without intent, knowingly, or fraudulently, and the request to deny discharge was denied, see

also, *Smith v. Keegan,* 111 F. 157 (Mass. 1901), *In re Eaton* 110 F. 731

(N.D.N.Y. 1901).

11. The Trustee also points out that after the meeting of the creditors, the

schedules of the bankruptcy petition were never amended to include assets

which were not originally included in the schedules. Again, Mr. Copeland's

attorney would be charged with the knowledge and responsibility to complete

that task. That is why Mr. Copeland hired Mr. Bonner. Mr. Copeland is not

familiar with the Bankruptcy process; he sought out an expert to take care of

that for him, and on behalf of the corporation.

12. As stated in the motion to dismiss, Mr. Bonner has failed to communicate

with Mr. Copeland. Mr. Copeland has not heard from Mr. Bonner for months.

Mr. Copeland has made many phone calls to Mr. Bonner, none of which have

been returned to date. Mr. Copeland has sent a termination letter to Mr.

Bonner, and has yet to hear from Mr. Bonner. Additionally, Mr. Copeland has

informed me that he turned over the corporate books and records to Mr.

Bonner. Mr. Bonner has failed to return those books and records to Mr.

Copeland or the Trustee.

13. Mr. Copeland did not fail to turn over the books and records. He in fact, did

turn those documents over to Arthur Bonner, his attorney. Mr. Bonner has

failed to respond to Mr. Copeland and the Trustee. Mr. Copeland cannot

turnover what he no longer has. "Advice of counsel is not regarded as a

separate and distinct defense but is circumstance indicating good faith which

trier of fact is entitled to consider an issue of fraudulent intent in prosecution

for knowingly and fraudulently concealing property from the trustee", _Bisno v._ _U. S._ 299 F. 2d 711 (C.A. 9 Cal. 1961), certiorari denied 82 S. Ct. 1602, 370 U.S. 952, 8 L. Ed 2d 818, see also _In re Topper_, 229 F. 2d 691 (C.A.3 Pa. 1956) where it was held that "The advice of counsel may be an excuse for an inaccurate or false oath so as not to preclude a discharge in bankruptcy". In the instant action, the debtor and its principal acted in good faith at all times during this proceeding, and this case should not be referred to D.O.J., it should be dismissed without prejudice.

14. The Trustee has also pointed out that on September 28, 2004, that Arthur Bonner, via letter requested the withdrawal of this case, which request the Trustee denied. Again, after speaking with Mr. Copeland, he was unaware that Mr. Bonner had sent a letter seeking withdrawal. Mr. Copeland was unaware that the Trustee had sent a letter denying the request to withdraw the petition. Mr. Copeland did in fact ask Mr. Bonner to withdraw the case. However, he never heard from him again. Again, Mr. Copeland was unaware of the correspondence sent by Mr. Bonner to the Trustee, and was unaware of the Trustee's response. Had he known, he likely would not have sought to have the case dismissed again via this motion.

15. The trustee further makes a bold and unsubstantiated statement in that he states "The debtor and its principal have thwarted the administration of this estate by withholding assets to the detriment of the corporation's creditors". This statement is in fact a fallacy. First the debtor and its principal hired Mr. Bonner to make sure that a proper filing and handling of the estate occurred.

Mr. Bonner apparently failed to handle this job. The debtor and the principal however, were completely honest with Bonner and relied upon his expertise in handling the bankruptcy. Second, the creditors have not been harmed, and the Trustee has not proffered one iota of evidence which shows that the creditors have been harmed.

16. Mr. Copeland has intimated to me that all the creditors have been paid. That he is in a mandatory fee dispute with respect to some of the outstanding legal debts. He is in negotiation with his accountant regarding that debt; however he has paid some of the money owed to the accountant. He has made payments to all creditors, and is purportedly up to date with all payments. Mr. Copeland's acts do not appear to be criminal under the statute by any stretch of the imagination.

17. The reason that Mr. Copeland has given regarding his continued operation of the corporation is that he has not received any advice from his attorney. He did not know that he was not allowed to pay his creditors or operate the business. He was simply acting with integrity, making sure that his creditors were paid. Additionally, based upon Mr. Bonner's failure to act, counsel, or respond to the Trustee, the Trustee could have made a motion or other procedural device to speak directly with Mr. Copeland, in light of the fact that Mr. Bonner had not responded The purpose of which would have been to ascertain the facts, and advise Mr. Copeland as to the administration of the estate. The Trustee did not take any such action.

18. Instead the Trustee would prefer that Mr. Copeland be denied the opportunity to come out of bankruptcy, and be indicted, all based upon the fact that Mr. Copeland trusted his lawyer to handle the matters associated with the case. when that did not happen, Mr. Copeland did the only thing he knew which was to pay off his debts. Instead of condemning Mr. Copeland, he should get some credit. The cases which I have reviewed show debtors transferring funds to hide them from creditors, keeping money for themselves, and generally using the bankruptcy system as a way to deceive all involved. In the instant action, Mr. Copeland has paid his creditors, and is attempting to keep his business afloat. In fact, he no longer views bankruptcy as a necessary option. He would simply like to have the case dismissed and go on with his business.

19. The trustee asserts that the debtor or Mr. Copeland would have dominion and control over approximately $3776.00, which the Trustee took from the hands of a judgment creditor. Mr. Copeland would gladly agree to have those funds returned to that judgment creditor. Additionally, I have advised him that if it has not been an extraordinarily long period, Mr. Copeland should seek to vacate that judgment. It seems from our conversations that he has a meritorious defense, and should not be penalized based upon is ignorance of the legal system.

20. The Trustee further asserts that a preference purportedly occurred. Based upon the motion in opposition, I cannot tell exactly what that preference is. After speaking with my client, he is also not sure what the preference is.

Again, Mr. Copeland would void out any such preference, or do what ever is necessary to satisfy this Court that the preference was done or made in contravention of 18 U.S.C. Section 152 or any other section of the Bankruptcy Code or associated codes.

21. If the goal of bankruptcy is to allow the debtor to receive a fresh start, and also to a sure that the creditors are made whole to some extent, Mr. Copeland has inadvertently accomplished that goal. Again, Mr. Copeland did not and is not knowingly and intentionally attempting to circumvent the Bankruptcy Rules and Regulations. He simply did not hear back from his lawyer, and did what came naturally. He wants to save his business from the stigma attached to bankruptcy, and pay his creditors.

22. Mr. Copeland does not know the bankruptcy laws, and how the system operates. He hired an attorney to handle that. Said attorney failed him. The Trustee did not contact Mr. Copeland directly to find out why his attorney had not gotten back to him. He did not contact Mr. Copeland directly to even find out if he was still represented by Mr. Bonner. The only thing that Mr. Copeland received was an Order of the Court to turn over records which he had already given to his attorney, Arthur Bonner.

23. There is no crime. The creditors have been paid. The only opposition to this motion is from the Trustee. The Trustee states that Mr. Bonner did not respond to his communications. Mr. Copeland had the same problem, his lawyer was unresponsive. It would be wholly inequitable, to deny the motion to dismiss based upon the failure of the debtors counsel to adequately handle

this matter, especially, in light of the fact that the debtor has worked to defraud no one. The debtor has worked hard at making sure that his creditors have been paid.

24. With respect to the allegations that the motion to dismiss was unsigned and did not recite any legal principals, that allegation is also false. The motion clearly states that it is the debtor's motion to dismissed, not the courts. The Trustee is simply using smoke and mirrors to obscure the true facts in this case. Those facts being that the debtor's counsel failed to act in a professional manner, and failed to adequately advise the debtor.

**WHEREFORE**, the foregoing reasons the debtor denies and opposes the Trustee's opposition to the motion to dismiss, and seeks the relief requested in said motion, dismissal without prejudice of the instant proceeding, and such further and other relief as this Court may deem just and proper.

Dated: February 1, 2005
New York, New York

/s/ John Johnson
John Johnson & Associates
Attorneys for the Debtor
140 Broadway, 46th Floor
New York, NY 10005
212-858-7759

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK:

| | |
|---|---|
| In Re<br>B.A.R. Entertainment Management Inc.<br><br>Debtor, | (Chapter 7)<br><br>Case No. 04-20352 |

## AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS
## CHAPTER 7 CASE

Ray Copeland, as President of B.A.R. Entertainment Management, Inc., being duly sworn deposes and says the following upon information and belief and upon penalty of perjury:

1.    I am the President of the Debtor, B.A.R. Entertainment Management, Inc. and as such I am fully familiar with the facts and circumstances of the instant action.

2.    On or about June 25, 2004, I filed the instant petition on behalf of the Debtor.  At that time, it was and continues to be my belief that filing a bankruptcy petition on behalf of the Debtor was warranted.  We had some large accounts receivable which, did not seem as they would be paid.

3.    On or about August 21, 2004, Debtor's attorney at the time, Arthur J. Bonner, Esq., received from Debtor a list of Debtor's remaining assets at the Debtor's place of business, whether or not such assets were owned or leased.

4.    On or about August 21, 2004, Arthur J. Bonner, Esq. received from Debtor a list of all of Debtor's open receivables and copies of all contracts with respect to Debtor's open receivables.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK:

| | |
|---|---|
| In Re<br>B.A.R. Entertainment Management Inc.<br><br>Debtor, | (Chapter 7)<br><br><br>Case No. 04-20352 |

### AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS CHAPTER 7 CASE

Ray Copeland, as President of B.A.R. Entertainment Management, Inc., being duly sworn deposes and says the following upon information and belief and upon penalty of perjury:

1.      I am the President of the Debtor, B.A.R. Entertainment Management, Inc. and as such I am fully familiar with the facts and circumstances of the instant action.

2.      On or about June 25, 2004, I filed the instant petition on behalf of the Debtor.   At that time, it was and continues to be my belief that filing a bankruptcy petition on behalf of the Debtor was warranted.   We had some large accounts receivable which, did not seem as they would be paid.

3.      On or about August 21, 2004, Debtor's attorney at the time, Arthur J. Bonner, Esq., received from Debtor a list of Debtor's remaining assets at the Debtor's place of business, whether or not such assets were owned or leased.

4.      On or about August 21, 2004, Arthur J. Bonner, Esq. received from Debtor a list of all of Debtor's open receivables and copies of all contracts with respect to Debtor's open receivables.

5.    On or about August 21, 2004, Arthur J. Bonner, Esq., received from Debtor, Debtor's cancelled checkbooks, cancelled checks and bank statements for one year prior to the filing of the petition.

6.    Against Debtor's wishes, Arthur J. Bonner, Esq. failed to provide trustee with list of remaining assets at Debtor's place of business, failed to provide trustee with a list of Debtor's open receivables and failed to turn over to trustee Debtor's cancelled checkbooks, cancelled checks and bank statements for one year prior to the filing of the petition.

7.    On or about December 10, 2004, Debtor sent a letter to Arthur J. Bonner, Esq. requesting the return of Debtor's files and records.    Thus far, Debtor has not received its files and records from Arthur J. Bonner, Esq.

8.    I received the Court's Order on or about November 13, 2004 and promptly notified Debtor's attorney at the time, Arthur J. Bonner, Esq. by telephone. Mr. Bonner never returned my call.

9.    I did not retain another attorney until the fifteen day period to comply with the Court Order had expired.

10.    I did not intentionally or knowingly make any effort to conceal the assets of the estate from the trustee.

11.    I did not knowingly and fraudulently make false declarations, verifications or statements under penalty of perjury.

2

12.   Neither I or the debtor have intentionally or knowingly withheld assets.

13.   On or about April 19, 2004, Judge Recant of New York County Civil Court ordered that all proceedings by said judgment creditor and the Sheriff of the State of New York be stayed.

14.   On or about April 23, 2004, Arthur J. Bonner, Esq. sent written notice to the Marshall of the City of New York that a stay had been granted with respect to the judgment creditor.

15.   Debtor will pay to trustee any fees associated with the trustee's recovery of $3,776.00 in Debtor's bank account that was restrained by a judgment creditor.

16.   I was never advised or informed that I could not operate Debtor's business after Arthur J. Bonner, Esq. notified the Court on or about September 28, 2004 that the debtor intended to withdraw the petition.

17.   It is my contention that dismissal is in the best interest of everyone involved.

**Wherefore**, based upon the best interest of all parties, the Debtor prays that the instant petition be dismissed without prejudice.

WEI-HONG M. CHENG
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01CH6050959
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES _____ day of January 2005

Notary

3

B.A.R. ENTERTAINMENT
MANAGEMENT, INC.

By: _____
    Ray Copeland
    Its: President


John Johnson & Associates
140 Broadway, 46th Floor
New York, NY 10005
212-858-7759

4

## JOHN JOHNSON & ASSOCIATES
### 140 BROADWAY - 46TH Floor
### NEW YORK, NEW YORK 10005
### 212-858-7759

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

### Index Number No.:    04-20352(ASH)

---

### In re B.A. R. ENTERTAINMENT MANAGEMENT, INC.

---

## AFFIDAVIT AND AFFIRMATION IN *Support of* MOTION TO DISMISS
## *And in Reply*

**TO:**                                Service of a copy of the within
                                                    Is hereby admitted.
                        **Dated:.............05.........**

Attorney(s) for  .......................................

PLEASE TAKE NOTICE:.... Notice of Entry : that the within is a true copy of a                    duly
entered in the office of the Clerk of the within named Court on            , 2005.

NOTICE OF SETTLEMENT: that and order            of which the
within is a true copy will be presented for settlement to the HON.            one of the
judges of the within named Court, at            on            2005  at
Dated,                        Yours, etc.